UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC HOWARD,

              Appellant,               Case # 18-CV-6779-FPG

v.

                                   DECISION AND ORDER

MIA HODGINS,

              Appellee.

## INTRODUCTION

Appellant Eric Howard brings this appeal challenging the order of the Honorable Paul R. Warren, Bankruptcy Judge, denying his motion to avoid liens. ECF No. 1. Appellee Mia Hodgins is the creditor and holder of the judgment liens at issue. Having reviewed the record and the parties' submissions, the Court concludes that oral argument is unnecessary. *See* Fed. R. Bankr. P. 8019(b)(3). For the following reasons, Judge Warren's order is AFFIRMED.[1]

## LEGAL STANDARD

The district court has jurisdiction to hear final and interlocutory appeals from bankruptcy court orders. *See* 28 U.S.C. § 158(a). The district court reviews findings of fact under the "clear error" standard and conclusions of law *de novo*. *In re Charter Comm'ns, Inc.*, 691 F.3d 476, 483 (2d Cir. 2012). The district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Morgan v. Gordon*, 450 B.R. 402, 405 (W.D.N.Y. 2011).

---

[1] After briefing the issues presented on appeal, Howard submitted two documents in which he alleges that the underlying divorce judgment was the product of fraud on the part of Hodgins and her attorneys. *See* ECF Nos. 17 19. This matter is beyond the scope of the present appeal, and therefore the Court will not address it and will not grant any of Howard's requested relief.

## BACKGROUND

On January 31, 2018, Howard filed a Chapter 7 bankruptcy petition. Although he initiated the bankruptcy proceedings *pro se*, he later obtained counsel. On August 17, 2018, Howard—with the assistance of counsel—filed a motion to avoid judicial liens Hodgins held on a property in Rochester. The liens arose from a judgment of divorce that, among other things, awarded Hodgins $4,500 in attorney's fees. The Decision and Order pertaining to the divorce indicates that the attorney's fees were awarded because Howard "engaged in delaying, dilatory and obstructionist tactics that unnecessarily and unreasonably prolonged the litigation [and] unnecessarily increased" Hodgins's litigation expenses. ECF No. 6-1 at 35. The fees were not intended to act as "a punishment, but rather as a recognition of and compensation for delays." *Id.* at 34.

Howard's motion seeking to avoid the liens contained no developed argument establishing his entitlement to relief. On September 27, 2018, Judge Warren held a hearing on the motion. Howard's counsel indicated that the parties were discussing a possible settlement and requested an adjournment of the hearing. ECF No. 7 at 2. While he cited one case in passing, as with the motion itself, Howard's counsel did not develop any arguments to justify avoidance. *See id.* at 3-5. Judge Warren adjourned the hearing, telling the parties that "if you're going to fight about this [issue], you need to submit a memorandum of law and brief it." *Id.* at 3.

Judge Warren held a second hearing on October 11, 2018. The parties informed Judge Warren that they had not reached a settlement, and Howard's counsel asked to brief his argument that attorney's fees do not fall under the applicable exception relating to the avoidance of liens. ECF No. 8 at 2-3. The parties summarized their opposing positions. *Id.* at 2-4. Judge Warren orally denied the motion on two alternative grounds. First, he concluded that Howard "failed to carry the burden of proof as the movant to demonstrate that these [liens] were avoidable." *Id.* at

2

4. By this, Judge Warren appears to have meant that Howard failed to sufficiently develop an argument to show his entitlement to relief. He noted that he viewed Howard's request to brief the issue as "an insult" given that the motion had "been pending before the court since August." *Id.* Second, and in the alternative, Judge Warren concluded that Howard was not entitled to relief on the merits. Judge Warren's written order reflects these conclusions. *See* ECF No. 1-2. He noted that he denied Howard's request to brief the issue because "the motion had been pending for nearly two months, in which time [Howard] did nothing." *Id.* at 1-2.

On October 31, 2018, Howard, now acting *pro se*, filed this appeal. ECF No. 1.

## DISCUSSION

Howard filed a brief with citations to case law and relevant statues, arguing the merits question of whether the judgment liens are avoidable. ECF No. 15. But Howard does not acknowledge or raise any argument with respect to Judge Warren's alternative ground for denying the motion—that Howard had "failed to carry his burden of proof to demonstrate that the judgment" was avoidable. ECF No. 1-2 at 2. As the Court reads the order, Judge Warren denied Howard's motion in part because Howard failed to meaningfully develop arguments to support his request for relief: in his motion, Howard did not include a memorandum of law or otherwise provide any authority to support his position. It was not until "nearly two months" had passed that Howard even sought to support his motion with a memorandum of law. *Id.* at 1. As Judge Warren noted, in the meantime Howard had done "nothing." *Id.* at 2.

Because Howard did not address this alternative ground, he has given the Court no reason to overturn Judge Warren's order. Moreover, on its face, Judge Warren's position is reasonable. "Federal case law, both at the appellate and trial court level, is clear that courts may decline to address [conclusory] assertions *in toto* if they are not adequately presented." *In re Willis*, No. 07-10032, 2008 WL 638243, at *2 (D. Vt. Feb. 29, 2008) (collecting cases). This is because courts

do not bear the responsibility for "developing a factual record and fleshing out legal argumentation"; instead, it is "the responsibility of the party requesting relief." *TMTV, Corp. v. Mass Prods., Inc.*, 853 F. Supp. 2d 208, 213 (D.P.R. 2012). In this respect, bankruptcy courts are no different than other federal courts. *See, e.g.*, *In re Willis*, No. 07-10032, 2008 WL 444547, at *8 (D. Vt. Feb. 15, 2008) (declining to address argument that was not sufficiently briefed); *In re Schwinn Bicycle Co.*, 251 B.R. 508, 512 (N.D. Ill. 2000) (same).

In light of this authority, and absent any argument to the contrary, the Court affirms Judge Warren's order. As the moving party, Howard bore the burden of proving that the lien was avoidable under 11 U.S.C. § 522(f). *See In re Armenakis*, 406 B.R. 589, 604 (S.D.N.Y. 2009). In his motion, Howard did not develop an argument to demonstrate his entitlement to relief. At the first hearing, Judge Warren noted that the issue would need to be briefed. ECF No. 7 at 3. Howard did not do so before the second hearing, and instead requested additional time to brief the matter. *See* ECF No. 8 at 2, 4. Judge Warren then denied that request and Howard's motion. *Id.* at 4.

Based on this record, the Court affirms Judge Warren's order insofar as he denied Howard's motion because Howard failed to sufficiently brief the issues. *Cf. Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (stating that, on appeal, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). As a result, the Court need not reach the merits of whether the liens are avoidable. *See In re Empire Equities Capital Corp.*, No. 10 Civ. 5488, 2011 WL 349774, at *4 n.4 (S.D.N.Y. Jan. 31, 2011).

## CONCLUSION

For the reasons discussed above, the Order of the Bankruptcy Court, dated October 11, 2018, is AFFIRMED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 25, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court